NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2153
_____

JOSEPH JOHN SLACK,
Appellant

v.

ROBERT MCHUGH; ERIK L. OLSEN;
BRIAN M. ZARALLO; MICHAEL J. MULVEY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:22-cv-01501)
District Judge: Honorable Karoline Mehalchick
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 26, 2025

Before: MONTGOMERY-REEVES, ROTH, and AMBRO, *Circuit Judges*.

(Opinion filed: September 29, 2025)
_____

OPINION*
_____

MONTGOMERY-REEVES, *Circuit Judge*.

In this appeal, Joseph John Slack seeks reversal of the District Court's judgment

dismissing his 42 U.S.C. § 1983 malicious prosecution and false arrest claims against

Erik Olsen, Brian Zarallo (collectively the "Defendant Prosecutors"), Michael Mulvey,

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

and Robert McHugh[1] (collectively with the Defendant Prosecutors, the "Defendants"). Slack's claims cannot survive because there is prima facie evidence of probable cause for his arrest and prosecution. Thus, the District Court did not err in granting Defendants' motion to dismiss,[2] and we will affirm.

Slack is the former "daytime maintenance supervisor" for the Scranton School District (the "District"). Appx. 88. In 2018, the District identified lead in its drinking water supply. The District's Chief Operating Officer ("COO") asked Slack to place the drinking water sources offline immediately.

The next morning, Slack began locating all the contaminated water sources, shutting them off, and adding appropriate signage to "place them off limits." Appx. 94. While he was doing so, the District's Superintendent saw him taking the water sources offline and "angrily and forcefully forbade" him from taking additional remedial steps unless she expressly told him otherwise. *Id.*

In December 2019, Pennsylvania State Police began investigating the District for failing to remediate lead in its drinking water supply. The investigation ultimately led to

---

[1] Michael Mulvey and Robert McHugh are law enforcement officials involved in the investigation against Slack.

[2] We review de novo a district court's decision to grant a motion to dismiss. *Kalu v. Spaulding*, 113 F.4th 311, 324 (3d Cir. 2024) (citing *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We accept all of Slack's factual allegations as true in this Opinion. *Bruni v. City of Pittsburgh*, 824 F.3d 353, 360 (3d Cir. 2016) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)).

the empaneling of a statewide investigating grand jury.[3]  Slack received a subpoena to appear and testify before the investigating grand jury.  Before testifying, Slack met with one of the Defendant Prosecutors and identified a District employee who witnessed him making warning signs.  Slack also told the Defendant Prosecutors that photos were taken of the warning signs after he placed them.

In September 2020, the investigating grand jury issued a presentment recommending criminal proceedings against the Superintendent, COO, and Slack for reckless endangerment and endangering the welfare of children.  On September 28, 2020, the Commonwealth charged Slack with eleven felonies and eight misdemeanors.[4]  An arrest warrant issued for Slack, and he voluntarily turned himself in.

---

[3] A statewide investigating grand jury in Pennsylvania is governed by the Investigating Grand Jury Act.  42 PA. CONS. STAT. §§ 4541–4553.  Stated simply, an investigating grand jury is a jury with "the power to inquire into offenses against [ ]criminal laws . . ., the power of subpoena, the power to obtain the initiation of civil and criminal contempt proceedings, and every investigative power of any grand jury of the Commonwealth."  *Id.* § 4548(a).  Relevant here, the investigating grand jury also has the power to "issue a presentment with regard to any person who appears to have committed . . . an offense against the criminal laws of the Commonwealth."  *Id.* § 4548(b).  A "presentment" is a recommendation to the Commonwealth to bring criminal charges against an individual suspected of violating the law, and the presentment allows a prosecutor to bring the charges the investigating grand jury recommended.  *See id.* § 4551(a), (c).

[4] Slack avers that his job responsibilities included only maintenance duties and "supervising staff," and not supervising or caring for children in any way.  Appx. 90.  Each felony, however, charged that Slack was a "person supervising the welfare of a child" who had a "duty of care, protection, or support" and breached that duty by "ignore[ing] repeated reports of widespread environmental hazards" despite "responsibilities to ensure the health and safety" of the children.  Appx. 97–98.

3

In April 2021, before a preliminary hearing, Slack provided a written statement to the prosecution, repeating what he told the Defendant Prosecutors before they presented evidence to the investigating grand jury. After receiving Slack's written statement, the Defendant Prosecutors requested a continuance of the preliminary hearing "to review recently produced evidence." Appx. 104. The Commonwealth ultimately withdrew all charges against Slack on June 14, 2021.

In September 2022, Slack sued the Defendants for malicious prosecution and false arrest under 42 U.S.C. § 1983, and the Defendants moved to dismiss those claims. The District Court granted the dismissal, holding that: (1) prosecutorial immunity absolutely protects the Defendant Prosecutors from Slack's claims; and (2) Slack's false arrest and malicious prosecution claims fail because Slack did not adequately allege a lack of probable cause underlying his arrest or prosecution. We begin and end our analysis with the lack of probable cause because it is fatal to Slack's claims.[5]

Both false arrest and malicious prosecution claims require a showing that an arrest was made, or a prosecution was initiated, without probable cause. *See Rivera-Guadalupe v. City of Harrisburg*, 124 F.4th 295, 300–02 (3d Cir. 2024) (confirming that a false arrest claim requires a lack of probable cause); *Thompson v. Clark*, 596 U.S. 36, 43 (2022) (confirming that a malicious prosecution claim requires a lack of probable cause). Thus, a plaintiff must adequately allege a lack of probable cause to avoid a Rule 12(b)(6) dismissal. *See* Fed. R. Civ. P. 12(b)(6).

---

[5] We do not reach the prosecutorial immunity issue.

4

Under our precedent, both an indictment and a presentment constitute prima facie evidence of probable cause. *Rose v. Bartle*, 871 F.2d 331, 352–53 (3d Cir. 1989); *Camiolo v. State Farm Fire & Cas. Co.*, 334 F.3d 345, 363 (3d Cir. 2003). A plaintiff can rebut this presumption by alleging a defendant procured a presentment or indictment through fraud, perjury, or other corrupt means. *Camiolo*, 334 F.3d at 363 (quoting *Rose*, 871 F.2d at 352–53).

Slack alleges that an investigatory grand jury issued a presentment recommending charges against him—which is prima facie evidence of probable cause—but does not allege fraud, perjury, or other corrupt means utilized by the Defendants to obtain that presentment. The closest Slack comes to pleading fraud or other presumption-rebutting conduct is by alleging that: (1) Defendants failed to present exculpatory evidence to the grand jury; and (2) Defendants charged him with criminal offenses that facially could not apply to him. Neither allegation is adequate.

First, Slack inferentially alleges that Defendants unfairly or improperly failed to present exculpatory evidence to the grand jury. There is no inherent unfairness or wrongdoing, however, in a prosecutor failing to disclose exculpatory evidence to a grand jury. *United States v. Williams*, 504 U.S. 36, 52 (1992) ("[A] suspect under investigation by [a] grand jury" does not have "a right to testify or have exculpatory evidence presented."). Thus, it would not be *per se* fraudulent or corrupt for the Commonwealth to have failed to do so.

Second, Slack suggests that Defendants acted negligently or inappropriately by charging him with felonies that required him to supervise children, even though Slack's

5

job duties did not fit that description. But Slack does not allege that the Defendant Prosecutors fraudulently or corruptly deceived the grand jury into recommending charges against Slack despite his job description. Rather, he argues that the Defendant Prosecutors simply ignored the exculpatory evidence, which does not rise to the level of fraud or corruption. Thus, Slack cannot rebut the presumption of probable cause.

While we sympathize with Slack and the difficulties he faced because of his arrest, he alleges insufficient facts to suggest that the investigating grand jury recommended criminal charges based on Defendants' fraud or corruption. Thus, under this Circuit's precedent, Slack's claims fail. We will, therefore, affirm.